**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Case No. 1:24-cv-3964 (AMD)(CLP)

| | |
|---|---|
| SOL NY CORP. d/b/a "SOL TRADING", <br><br> Plaintiff, <br><br> v. <br><br> SAM'S INTERNATIONAL GROUP LLC A/K/A SIG DISTRO A/K/A SIG DISTRIBUTION A/K/A SIG DISTRO WHOLESALE, FEEL GOOD INDUSTRY LLC, DIRECT IMPORTS, LLC, SAMUEL A. HABIB, EDGAR A. MOHAMMED, PETER A. MESAK, APVAPESHOP INC., BOSTON WHOLESALE OUTLET INC.; KUMAR INC. d/b/a/ "RAVI'S WHOLESALE MARKET", KESHAV DISTRIBUTOR LLC d/b/a "NEW ENGLAND SMOKE DISTRIBUTION", CIRCLE FIVE DISTRIBUTORS INC., SMOKER CHOICE DISTRIBUTOR LLC, SMOKER'S LANE OF NH, INC. d/b/a "SMOKER'S LANE", VISION CIGAR & CIGARETTE WHOLESALE, LLC, PRICE POINT DISTRIBUTORS, INC., BHAGAT DISTRIBUTORS, INC. d/b/a "GOTHAM DISTRIBUTORS", MAHANT KRUPA 56 LLC d/b/a "EMPIRE SMOKE DISTRIBUTORS", <br><br> Defendants. | **FIRST AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff SOL NY CORP. d/b/a "SOL TRADING" ("Plaintiff" or "SOL NY"), by its counsel Leech Tishman Robinson Brog PLLC, for its First Amended Complaint against Defendants SAM'S INTERNATIONAL GROUP LLC A/K/A SIG DISTRO A/K/A SIG DISTRIBUTION A/K/A SIG DISTRO WHOLSALE, FEEL GOOD INDUSTRY LLC,

1

DIRECT IMPORTS, LLC, SAMUEL A. HABIB, EDGAR A. MOHAMMED, PETER A. MESAK, APVAPESHOP INC., BOSTON WHOLESALE OUTLET INC., KUMAR INC. d/b/a/ "RAVI'S WHOLESALE MARKET", KESHAV DISTRIBUTOR LLC d/b/a "NEW ENGLAND SMOKE DISTRIBUTION", CIRCLE FIVE DISTRIBUTORS INC., SMOKER CHOICE DISTRIBUTOR LLC, SMOKER'S LANE OF NH, INC. d/b/a "SMOKER'S LANE", PRICE POINT DISTRIBUTORS, INC, BHAGAT DISTRIBUTORS, INC. d/b/a "GOTHAM DISTRIBUTORS", and MAHANT KRUPA 56 LLC d/b/a "EMPIRE SMOKE DISTRIBUTORS" (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff SOL NY is one of the most well-known sellers of smoke shop products in the United States. These products include both tobacco-free products such as glass water pipes and oral vaporizers, batteries for oral vaporizers as well as products containing tobacco. As is typical for manufacturers in this industry, SOL NY predominantly sells its products online to customers throughout the country. Plaintiff sells KRAVE products to wholesale companies from its website, www.soltradingusa.com. Plaintiff sells KRAVE products to retail customers online from its website, www.kraveglassusa.com.

2.     For nearly 15 years, Plaintiff has sold smoke shop products under the "KRAVE" brand (the "KRAVE Trademark"). The KRAVE Trademark is known for reliable, well-made and trustworthy products. As a result, consumers have become accustomed to the KRAVE brand and stay loyal to the brand. Plaintiff's KRAVE products also are regularly featured in trade publications, on social media, at trade shows, and at retail stores across the country.

3.     Accordingly, the KRAVE Trademark has earned notoriety with consumers and made SOL NY an industry leader in the smoke shop industry. Presently, SOL NY sells its branded

KRAVE products to approximately sixty to seventy (60-70) wholesalers and more than two thousand (2000) retailers in the United States. As of the date of filing this action, Plaintiff sold more than eight (8) million products with the KRAVE Trademark.

4. Plaintiff's first use of the "KRAVE" mark in connection with the sale of glass water pipes was at least as early as June 30, 2010. Plaintiff owns a trademark registration with the United States Patent and Trademark Office (the "USPTO") for the use of "KRAVE" in connection with tobacco water pipes.[1] The '296 Registration was granted on May 10, 2016. The KRAVE Mark and the '296 Registration have been in use for over five consecutive years through to the present. As such, the '296 Registration is incontestable by law. Plaintiff also has common law rights to the KRAVE Trademark in connection with its sale of a variety of other products that carry that mark.

5. At least as early as December 31, 2014, Plaintiff began using the "KRAVE" mark in commerce to sell oral vaporizers for smoking purposes and related products such as batteries for oral vaporizers. On March 8, 2024, Plaintiff filed an application with the UPSTO for the use of the KRAVE Trademark in connection with oral vaporizers and oral vaporizers for smoking purposes. The USPTO assigned Serial Number 98440458 to the application (the "'458 Application"). Plaintiff also has common law rights to use the KRAVE Trademark in connection with its sale of vaporizers and other related smoke shop products. Plaintiff was first to market both glass water pipes in 2010 as well as oral vaporizers and vaporizer accessories in 2014 with the "KRAVE" trademark.

6. In or about 2023, SOL NY became aware that competitors were selling the exact

---

[1] A copy of Plaintiff's official Certificate of Registration from the USPTO, No. 4,954,296 (the "'296 Registration"), is annexed to the Complaint as **Exhibit 1.**

same products as SOL NY, i.e. glass water pipes, oral vaporizers, and related products, with the confusingly similar "CRAVE" brands. These brands include, but are not limited to, "CRAVE", "CRAVE+", "CRAVE MAX", "CRAVE MEGA" and other variations of the word "CRAVE" (referred to herein collectively as the "CRAVE Brand").

7.     In approximately 2018-2019, Defendants' SAM'S INTERNATIONAL GROUP LLC A/K/A SIG DISTRO A/K/A SIG DISTRIBUTION A/K/A SIG DISTRO WHOLSALE, FEEL GOOD INDUSTRY LLC, DIRECT IMPORTS, LLC, SAMUEL A. HABIB, EDGAR A. MOHAMMED, and PETER A. MESAK (hereinafter "the HABIB Defendants") began manufacturing, distributing, and selling products and merchandise with the infringing CRAVE Brand. Since then, the HABIB Defendants have been selling the same smoke shop products as Plaintiff with the infringing CRAVE Brand. These products include, but are not limited to, glass wear, vaporizers, other smoke shop products, and branded merchandise.

8.     The HABIB Defendants sell the infringing products and merchandise from Massachusetts to wholesalers, retailers and other customers in New York, throughout the rest of the United States, and internationally. These companies include the following Defendants located in the Eastern District of New York: (i) APVAPESHOP INC. ("APVAPESHOP") in Brooklyn, New York; (ii) BHAGAT DISTRIBUTORS, INC. d/b/a "GOTHAM DISTRIBUTORS" ("BHAGAT d/b/a GOTHAM DISTRIBUTORS") in Mineola, New York; (iii) MAHANT KRUPA 56 LLC d/b/a "EMPIRE SMOKE DISTRIBUTORS" ("MAHANT KRUPA d/b/a EMPIRE SMOKE") in Maspeth, Queens; and (iv) PRICE POINT DISTRIBUTORS, INC. ("PRICE POINT") in Farmingdale, New York (collectively, the "New York Defendants").

9.     The HABIB Defendants were aware of the existing KRAVE Trademark prior to 2018.

4

10. The HABIB Defendants deliberately chose "CRAVE" as a brand name because it was likely to cause confusion with Plaintiff's existing KRAVE Trademark. This was part of their scheme to steal customers from Plaintiff, fraudulently procure intellectual property rights to which they are not entitled for this purpose, and benefit from the notoriety and good will associated the KRAVE Trademark that Plaintiff has been using in commerce to sell smoke shop products since 2010.

11. Defendants' trademark infringement, anticompetitive behavior, fraud, and other deliberate and wrongful conduct has caused Plaintiff substantial harm. Plaintiff has lost sales of no less than fifty million dollars ($50,000,000.00). Additionally, Defendants' wrongful conduct and the resulting customer confusion has tarnished the KRAVE Trademark in that customers associate the confusingly similar and vastly inferior CRAVE products with Plaintiff's well-known and incontestable KRAVE Trademark.

12. Plaintiff has been damaged as a result of Defendants' infringement and other wrongful acts.

13. Accordingly, Plaintiff now brings this action against all Defendants for trademark infringement, fraud and other anticompetitive conduct, and declaratory relief.

14. Plaintiff also seeks punitive damages in the form of treble damages, costs and attorneys' fees plus interest, and other such relief as the Court may deem appropriate based upon the HABIB Defendants' anticompetitive conduct directed at Plaintiff, their fraudulent scheme to obtain intellectual property rights by law under false pretenses, and other wrongful and deliberate acts.

15. Plaintiff also seeks injunctive relief from the Court in the form of an Order cancelling applications filed by the HABIB DEFENDANTS and any registrations that may issue

to the HABIB DEFENDANTS for "CRAVE", "CRAVE+", and any other substantially similar marks, including those specifically identified herein, due to the irreparable injury that Defendants have caused to Plaintiff.

16.     The damage Defendants caused to Plaintiff is ongoing.

## JURISDICTION AND VENUE

17.     This Court has federal subject matter jurisdiction under Section 30 of the Lanham Act, 15 U.S.C. § 1221; under Sections 1331, 1338(a) and (b) and 1367(a) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367(a); under Sections 2201 and 2202 of the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; and under 28 U.S.C. § 285.

18.     Plaintiff is a domestic corporation operating in this District. Since at least 2018 through to the present, Defendants have advertised and sold products with the CRAVE Brand that infringe Plaintiff's KRAVE Trademark in this District both by physical shipments and online orders. Defendants also have distribution agreements and otherwise sell the infringing products to several wholesale and retail companies located in the Eastern District of New York. As a result, Plaintiff has suffered substantial financial and reputational harm.

19.     The HABIB Defendants distribute and sell the infringing products to wholesale distributors, retail stores and individual customers in the Eastern District of New York. These include but are not limited to the four New York Defendants.

20.     In turn, the New York Defendants sell the infringing CRAVE from their places of business located in this District to other wholesale companies, retail stores, and individual consumers in in New York., other states in the United States, and internationally.

21.     Additionally, Defendants knowingly advertise the infringing products to consumers in New York, via online websites such as the Gotham Distributors and Empire Smoke websites,

trade shows across the country, and trade publications, among other things.

22.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b)(2), (b)(3), (c)(2) and (d). Among other things: (i) a substantial part of the events at issue occurred and damage has been cause in this District;  (ii) Plaintiff NY SOL is a domestic corporation with its principal place of business, offices, and a warehouse in this District; (iii) the New York Defendants are located in the Eastern District of New York; and (iv) Defendants sell infringing products profit from infringing goods sold to consumers in this District online, to wholesale companies, retail stores, and individual consumers in New York.

## FACTS

### I.   Plaintiff SOL NY's KRAVE Trademark.

23.     Plaintiff SOL NY is a New York corporation with its principal place of business located at 2417 Jericho Tpke #299, Garden City Park, NY 11040. Plaintiff also maintains and operates from a warehouse in Plainview, New York.

24.     Plaintiff SOL NY has been engaged in the business of designing, selling and distributing tobacco water pipes, oral vaporizers and many other smoking products and paraphernalia since 2010.

25.     Plaintiff SOL NY is the owner of the "KRAVE" mark used in connection with tobacco water pipes, oral vaporizers and other smoking paraphernalia and related products.

26.     For more than 15 years, since June 30, 2010 through to the present, Plaintiff has continuously used the name KRAVE in connection with the sale of glass tobacco water pipes, oral vaporizers, and smoking products, and related paraphernalia with the KRAVE Trademark.

27.     On May 10, 2016, Plaintiff's KRAVE Trademark was registered by the United States Patent and Trademark Office (the "USPTO") in connection with tobacco water pipes in

International Class 034 under registration no. 4,954,296 (the "'296 Registration"). (*See* Ex. 1).
Pursuant to 15 U.S.C. § 106, Plaintiff's '296 Registration is incontestable and is *prima facie*
evidence of the validity of Plaintiff's exclusive right to use the '296 Mark in commerce and in
connection with the products that it sells.

28.     As a result of its longstanding use of the KRAVE mark for nearly 15 years and
the high quality of its goods, the KRAVE Trademark has become famous, widely known
throughout the United States, and distinctive in the industry.

29.     The KRAVE Trademark is closely identified with Plaintiff and represents
substantial and valuable goodwill. Indeed, Plaintiff's KRAVE products are highly popular and
well-known throughout the industry and to its consumers. KRAVE products have received
unsolicited accolades for their high quality, unique designs, their distinctiveness, and the overall
look and feel of its products. Due to the strength of Plaintiff's trademark, many of Plaintiff's
customers are repeat customers loyal to the brand.

30.     As of the date of the filing of this action, Plaintiff has sold more than four million
water pipes and two million oral vaporizers with the KRAVE Trademark. Plaintiff's products
are sold from New York to every state in the United States. Indeed, Plaintiff sells its KRAVE
Products to approximately sixty to seventy (60-70) wholesalers and one thousand (1000)
retailers.

31.     Plaintiff SOL NY has approximately 20 employees, the majority of whom work
on-site at the warehouse in Plainview, New York. Plaintiff SOL NY designs its tobacco water
pipes, oral vaporizers, and other related products at its warehouse in Plainview, New York.
Plaintiff's products are manufactured overseas in China and India. The KRAVE Products are
then shipped to Plaintiff's warehouse in Plainview, New York for distribution nationwide to

wholesalers and retailers.

32.     Plaintiff maintains and owns a website that showcases its glass tobacco waterpipes, vaporizers and related products to retail customers on its website: https://kraveglassusa.com.

33.     The following is an image from Plaintiff's website showing an example of Plaintiff's use of the KRAVE Mark in connection with the sale of tobacco water pipes:



34.     Plaintiff has been able to capitalize on its unique and valuable KRAVE brand and expand its product offerings.

35.     In 2014, Plaintiff expanded its business and started selling oral vaporizers for smoking purposes and related products such as vaporizer batteries with the KRAVE Trademark. Plaintiff maintains and owns a website that showcases its oral vaporizers and many other products with the KRAVE Trademark at: https://soltradingusa.com.

36.     Thus, since 2014, Plaintiff has had common law rights to use the KRAVE Trademark in connection with oral vaporizers for smokers and oral vaporizers for smoking purposes vaporizers and related accessories.

9

37. Plaintiff also filed an application with the USPTO to formally register the Krave Trademark in connection with the sale of oral vaporizers for smokers and oral vaporizers.

38. The following is an image from Plaintiff's https://soltradingusa.com website showing an example of Plaintiff's use of the KRAVE brand to advertise and market its' sale oral vaporizers and related products for smoking purposes:



39. Since 2014, Plaintiff has sold more than two million (2,000,000) oral vaporizer products. These products have been sold to more than sixty (60) wholesalers and one thousand (1,000) retailers in the United States.

40. Plaintiff sells other, related products with the KRAVE Trademark such as tobacco grinders, accessories, vaporizer cartridges, vaporizer batteries, electronic cigarettes, vaporizer juices, vaporizer devices, storage containers, glass products including hand pipes, water pipes, recyclers, one hitters, bubblers, and steam rollers.[2]

41. The KRAVE Products are designed by SOL NY in New York and manufactured overseas in China and India. The KRAVE Products are then shipped to Plaintiff's warehouse in Plainview, New York for distribution nationwide.

42. The KRAVE brand has become famous in the smoke shop industry and has

---

[2] These products, in addition to the tobacco water pipes and oral vaporizers, are collectively referred to and defined herein as the "KRAVE Products".

become known for it's high-quality, innovative, and stylish tobacco water pipes, oral vaporizers and other smoking products. Plaintiff's KRAVE tobacco water pipes are well-known and highly respected in the industry because they are made with cutting edge scientific glass blowing techniques. For example, Plaintiff's glass products are made of thick borosilicate glass. Borosilicate glass is a special, highly durable type of glass. Borosilicate glass is resistant to chemicals, acid degradation, temperature changes, shattering, and thermal shock. This enhances the quality of the product and truly sets it apart from other, run of the mill glass water pipes made from cheap glass. Plaintiff's glass products are also well-known in the industry and have received many accolades because of their unique, stylish, cutting-edge designs. Plaintiff's KRAVE oral vaporizers, handheld glass pipes, tobacco grinders and other related products have achieved the same notoriety since Plaintiff introduced them in 2014.

43.     Since 2010, Plaintiff has allocated substantial resources to market and advertise its KRAVE brand. Plaintiff advertises its KRAVE Products in trade publications, at annual industry trade shows and on social media including Facebook and Instagram.

44.     Since at least 2010, Plaintiff has exhibited KRAVE Products annually at the largest annual trade show in the smoke shop industry called Champs in Las Vegas. The Champs trade show is advertised as a must-attend for businesses that want to stay at the forefront of the market and network to drive growth and business. As recently as this past February 2024, Plaintiff attended the Champs Annual Trade Show and exhibited its KRAVE products.

45.     Plaintiff also markets its KRAVE Products to consumers via paid advertisements in trade publications such as HQ Magazine. HQ Magazine identifies itself as the industry's leading publication for over two decades.

46.     Since Plaintiff began using the KRAVE brand over 15 years ago, Plaintiff has

assiduously acted to protect its intellectual property. Among other things, Plaintiff filed the aforementioned applications to register the KRAVE Trademark with the USPTO and has sought to protect its intellectual property rights by policing the KRAVE Trademark and sending cease-and-desist letters to infringers, including several Defendants in this action. Plaintiff also allocates significant resources to advertise, market and track sales of products with its existing intellectual property and police infringing marks.

## II.    The Individual Defendants.

47.    Defendant SAMUEL A. HABIB is an individual who resides in Rockingham, New Hampshire.

48.    Among other things, Mr. Habib is a member of Defendants SAM'S A/K/A SIG DISTRO and FEEL GOOD INDUSTRY.

49.    Defendant PETER A. MESAK is an individual who resides in Pepperell, Massachusetts.

50.    Among other things, Mr. Mesak is a member of Defendant SAM'S A/K/A SIG DISTRO.

51.    Defendant EDGAR A. MOHAMMED, an individual who resides in Andover, Massachusetts.

52.    Among other things, Mr. Mohammed is a member of Defendant FEEL GOOD INDUSTRY.

53.    Defendants SAMUEL A. HABIB, PETER A. MESAK and EDGAR A. MOHAMMED own entities through which they conduct infringing, copying and other wrongful activities including, but not limited to, Defendants SAM'S A/KA SIG DISTRO and FEEL GOOD INDUSTRY.

54.     Upon information and belief, Defendants SAMUEL A. HABIB and/or Defendant EDGAR A. MOHAMMED and/or PETER A. MESAK own and/or operate and/or profit from and/or are affiliated with and/or controls a number of companies that develop, distribute and sell products and merchandise with infringing CRAVE Brand marks, Plaintiff's KRAVE Trademark. These companies include SAM'S A/K/A SIG DISTRO, FEEL GOOD INDUSTRY, and DIRECT IMPORTS (collectively referred to herein as "the HABIB Defendants").

55.     Upon information and belief, Defendants EDGAR A. MOHAMMED and PETER A. MESAK are Defendant SAMUEL HABIB'S partners, share ownership in his companies, and are also responsible for the creation, manufacturing, advertisement, distribution and sale of products with the infringing CRAVE Brand. All three partners individually profit from the sale of products by all Defendants with the infringing CRAVE Marks in the United States, specifically in the Eastern District of New York, as well as internationally.

56.     Upon information and belief, SAM'S A/K/A SIG DISTRO, FEEL GOOD INDUSTRY, and DIRECT IMPORTS are alter egos of the individual defendants, SAMUEL A. HABIB, EDGAR A. MOHAMMED and/or PETER A. MESAK.

## III.    The HABIB Companies

### (i)    Defendant SAM'S a/k/a SIG DISTRO

57.     Defendant SAM'S INTERNATIONAL GROUP LLC a/k/a SIG DISTRO a/k/a SIG DISTRIBUTION A/K/A SIG DISTRO WHOLSALE ("SAM'S a/k/a SIG DISTRO") is a limited liability company in Massachusetts with its principal place of business located at 470 Commonwealth Avenue, Boston, Massachusetts 01801-2057. Defendant SAM'S INTERNATIONAL GROUP LLC was organized as a limited liability company in Massachusetts on January 10, 2019.

58. The managers of SAM'S a/k/a SIG DISTRO are identified in state records as Defendants SAMUEL A. HABIB and PETER A. MESAK at the address of 78 Olympia Avenue, Woburn, MA 01801.

59. Defendants SAMUEL HABIB and/or PETER A. MESAK's company, SAM'S a/k/a SIG DISTRO, develops, manufactures, advertises, markets, distributes and/or sells the same and/or similar products as Plaintiff in the smoke shop industry with the infringing CRAVE Brand.

60. Defendants SAMUEL HABIB and/or PETER A. MESAK develop, manufacture, advertise, market, distribute and/or sell the same and/or similar products as Plaintiff in the smoke shop industry with the infringing CRAVE Brand through SAM'S A/K/A SIG DISTRO.

61. They own and operate several websites, from which they advertise and sell the infringing products to wholesaler distributors, retail stores, and individual consumers in New York, throughout the rest of the United States and internationally as far as countries such as China and Australia.

62. One of these websites is: https://sigdistro.com (the "Sig Distro Website").

63. The following image is an example of the infringing glass wear products for sale on the HABIB Defendants' Sig Distro Website:



64.     Another website owned and operated by the HABIB Defendants is
https://cravedisposable.com (the "Crave Disposable Website").

65.     The following image shows examples of the infringing vaporizer products for sale
on the Crave Disposable Website:



66.     The following image shows examples of infringing merchandise for sale on the
HABIB Defendants' Crave Disposable Website:



67.     Both the Sig Distro and the Crave Disposable Websites are interactive websites that allow buyers to submit orders online via a registration form. Specifically, the websites display the infringing CRAVE products for sale. A purchaser can click on a button under the image of the infringing product that says "Login to buy". The purchaser is then required to "Register Now". In order to register to become eligible to purchase the infringing CRAVE products, the purchaser must provide its name, address, website or store address, state specific tax identification number, and state specific tobacco license. Once the purchaser has been registered on one of these websites, they can order the infringing products and have them shipped to locations in New York, the rest of the United States and internationally.

68.     Upon information and belief, Defendant SAM'S a/k/a SIG DISTRO's active and willful infringement of Plaintiff's KRAVE Trademark is done at the direction of Defendants SAMUEL HABIB and/or PETER A. MESAK and is part of their conspiracy and/or anticompetitive conduct against Plaintiff. In fact, the Sig Distro Website expressly states: "**ARE YOU READY TO DOMINATE (The Market)?**"

69.     Upon information and belief, Defendant SAM'S a/k/a SIG DISTRO is nothing more than an alter ego of Defendants SAMUEL HABIB and/or PETER A. MESAK.

70.     The physical address listed on the Sig Distro Website is the same physical address

16

that is listed by Defendant SAM'S a/k/a SIG DISTRO and for Defendants SAMUEL A. HABIB and PETER A. MESAK with the Massachusetts Secretary of State: 78 Olympia Avenue, Unit C, Woburn, Massachusetts 01801.

71.     The infringing products include, but are not limited to, glass water pipes, oral vaporizers and batteries, liquid nicotine solutions, and other related products. Defendant SAM's a/k/a SIG DISTRO and its owners and members including, but not limited to, Defendants SAMUEL A. HABIB and PETER A. MESAK, have been developing, manufacturing, distributing and/or selling infringing CRAVE brand products since at least 2018 and through to the present. As a result, Plaintiff has lost a significant number of sales to Defendant SAM's a/k/a SIG DISTRO.

72.     Defendant SAM's a/k/a SIG DISTRO has been and continues to develop, manufacture, distribute and/or sell products and merchandise with the infringing CRAVE Brand in interstate commerce, including states in which Plaintiff distributes and sells its products with the KRAVE Trademark. These include but are not limited to the four New York Defendants.

###     (ii)     Defendant FEEL GOOD INDUSTRY

73.     Defendant FEEL GOOD INDUSTRY LLC ("FEEL GOOD INDUSTRY") is a New Hampshire limited liability company organized on November 19, 2020 with a principal place of business at 341 South Broadway, Salem, New Hampshire 030379.

74.     Defendant SAMUEL A. HABIB is identified as a "Manager" and "Member" of the New Hampshire limited liability company, FEEL GOOD INDUSTRY, in corporate filings with the New Hampshire Secretary of State.

75.     The business email address for FEEL GOOD INDUSTRY listed on the New Hampshire Secretary of State website is Mr. Habib's personal email address: HABIBSAMUEL20@gmail.com.

76.     Defendant EDGAR A. MOHAMMED is identified in corporate filings with the New Hampshire Secretary of State as a "Manager" of Defendant FEEL GOOD INDUSTRY.

77.     Upon information and belief, Defendant FEEL GOOD INDUSTRY is nothing more than an alter ego of Defendants SAMUEL HABIB and/or EDGAR A. MOHAMMED.

78.     Defendant FEEL GOOD INDUSTRY develops, manufactures, advertises, markets, distributes and/or sells the same and/or similar products as Plaintiff in the smoke shop industry with the infringing CRAVE Brand. Defendant FEEL GOOD also advertises and sells infringing products on a website that these Defendants own and maintain: https://feelgoodindustry.com.

79.     The products that Defendant FEEL GOOD INDUSTRY develops, manufactures, distributes and/or sells products with the infringing CRAVE Brand and which include, but are not limited to, electronic cigarettes, vape cartridges, liquid nicotine solutions, and other related products and paraphernalia.

80.     Defendant FEEL GOOD INDUSTRY has been and continues to develop, manufacture, advertise, market, distribute and/or sell products that infringe upon Plaintiff's KRAVE Trademark since at least as early as 2018 in interstate commerce, including states in which Plaintiff distributes and sells its KRAVE brand products.

81.     Upon information and belief, Defendant FEEL GOOD INDUSTRY'S active and willful infringement of Plaintiff's KRAVE Trademark is done at the direction of Defendants SAMUEL HABIB and/or EDGAR A. MOHAMMED and is part of their conspiracy and/or anticompetitive conduct against Plaintiff designed to cause customer confusion and poach customers from Plaintiff.

82.     Plaintiff has lost a significant number of sales to Defendant FEEL GOOD

INDUSTRY.

### (iii) **Defendant DIRECT IMPORTS**

83.     Defendant DIRECT IMPORTS, LLC is or was a Massachusetts limited liability company with a principal place of business located at 34 Cumming Park, Woburn, Massachusetts 01801.

84.     Upon information and belief, Defendants SAMUEL HABIB, PETER A. MESAK, and/or EDGAR A. MOHAMMED own and/or maintain an interest and/or personally benefitted from sales by DIRECT IMPORTS.

85.     Upon information and belief, Defendant DIRECT IMPORTS developed, manufactured, advertised, marketed, distributed and/or sold the same and/or similar products that infringe upon Plaintiff's KRAVE Trademark in the smoke shop industry.

86.     Upon information and belief, Defendant DIRECT IMPORTS' infringement is or was active and willful and done at the direction of Defendants SAMUEL HABIB and/or EDGAR A. MOHAMMED and is part of their conspiracy and/or anticompetitive conduct against Plaintiff designed to cause customer confusion and poach customers from Plaintiff.

87.     Upon information and belief, Defendant DIRECT IMPORTS is or was nothing more than an alter ego of Defendants SAMUEL A. HABIB, PETER A. MESAK, and EDGAR A. MOHAMMED.

88.     Upon information and belief, Defendant DIRECT IMPORTS' active and willful infringement of Plaintiff's KRAVE mark was done at the direction of Defendant SAMUEL A. HABIB, PETER A. MESAK and/or EDGAR A. MOHAMMED and is part of their conspiracy and/or anticompetitive conduct designed to cause customer confusion and poach customers from Plaintiff.

89.     Plaintiff lost a significant number of sales to Defendant DIRECT IMPORTS.

90.     Upon information and belief, the corporate form of Defendant DIRECT IMPORTS has been dissolved at the direction of Defendants SAMUEL A. HABIB, PETER A. MESAK and/or EDGAR A. MOHAMMED.

91.     Upon information and belief, the HABIB Defendants are engaged in a scheme to avoid liability for trademark infringement, fraud, anticompetitive behavior and other wrongful conduct by dissolving companies including, but not limited to, DIRECT IMPORTS, that sold the infringing CRAVE Brand products and shield themselves from damages owed to Plaintiff by transferring the assets to newly formed companies.

**IV.     Defendants' Ongoing Willful Infringement and Other Wrongful Acts.**

**(i)     Plaintiff's Cease-and-Desist Letters to Defendants**

92.     In 2023, the President of SOL NY, Anupam Yadav in New York, became aware that the same and/or similar products including, but not limited to, tobacco water pipes vaporizers for smokers and oral vaporizers for smoking purposes were being advertised and sold with the infringing CRAVE brand.

93.     Plaintiff immediately took action against Defendants' blatant infringement.

94.     On February 16, 2023, Mr. Yadav contacted Defendant SAMUEL A. HABIB to notify him of the infringement. Mr. Yadav sent a text message to HABIB's phone stating "KRAVE is my trademark". HABIB responded and said "Crave is ours".

95.     Despite being personally notified of the fact that he was infringing Plaintiff's KRAVE Trademark, SAMUEL A. HABIB continued to distribute and sell products with the infringing CRAVE Brand and still does so to this day. As a result, he continues to profit from the sale of millions of dollars of CRAVE Brand products and merchandise at Plaintiff's expense.

96.     Plaintiff also identified wholesalers and retailers that were engaged in the sale of the infringing products and sent numerous cease-and-desist letters to put them on notice of contributory infringement of Plaintiff's KRAVE Trademark by selling products with the confusingly similar CRAVE brand as well as direct copies of KRAVE Products and the damage caused to Plaintiff as a result.

97.     Plaintiff sent cease-and-desist letters to the following Defendants with attachments showing the infringing products: (i) APVAPESHOP on December 6, 2023; (ii) NEW ENGLAND SMOKE DISTRIBUTION on November 7, 2023; (iii) BOSTON WHOLESALE OUTLET on December 4, 2023; (iv) RAVI'S WHOLESALE MARKET on November 7, 2023; and (v) PRICE POINT DISTRIBUTORS on December 5, 2023.

98.     Plaintiff received no response to its cease-and-desist letters from these Defendants from Massachusetts. Instead, on January 10, 2024, an attorney named Donald J. MacDonald, Esq. sent a letter to Plaintiff in New York and claimed to represent Defendant SAM'S A/K/A SIG DISTRO as well as all of the "alleged infringers you have contacted which are customers of SAM's INTERNATIONAL".

99.     In the January 10, 2024 letter, Attorney MacDonald admitted that Defendants were aware of Plaintiff's KRAVE Trademark, and specifically the '296 Registration. Attorney MacDonald stated, however, that SAM'S A/K/A SIG DISTRO had "conducted a thorough review and investigation" and concluded that the CRAVE brand did not infringe Plaintiff's KRAVE Trademark.

100.    Attorney MacDonald made no mention in his January 10, 2024 letter of the fact that he personally filed an application with the USPTO for the CRAVE+ mark several months ago. He also omitted the fact that the USPTO rejected the exact same CRAVE+ one year earlier.

Both times, the basis for rejections was that the CRAVE+ mark was confusingly similar to Plaintiff's '296 Registration. These facts were deliberately concealed by Attorney MacDonald in furtherance of the HABIB Defendants' scheme.to fraudulently procure intellectual property and gain a competitive advantage over Plaintiff.

101.     In direct contradiction to the USPTO's findings, Attorney MacDonald claimed in his January 10, 2024 letter that the CRAVE+ mark "does not infringe and does not create any likelihood of confusion" with Plaintiff's KRAVE Trademark. This representation was false and known to be false when made by Attorney MacDonald on behalf of Defendant SAM'S A/K/A SIG DISTRO and the other HABIB Defendants.

### (ii)     The Massachusetts Federal Complaint

102.     The very next day, on January 11, 2024, Attorney MacDonald filed a Complaint for Declaratory Judgment against Plaintiff on behalf of Defendant SAM'S INTERNATIONAL GROUP, LLC in the United States District Court for the District of Massachusetts (the "Massachusetts Complaint").  Attorney MacDonald failed to disclose in the Complaint that the USPTO had twice rejected the CRAVE+ mark on the basis of likelihood of confusion with Plaintiff's '296 Registration.

103.     Attorney MacDonald's act on behalf of the HABIB Defendants constitutes, i.e. before the filing of the Massachusetts Complaint blatantly anticompetitive conduct also includes the filing of a Federal Complaint seeking a Declaratory Judgment that the CRAVE Brand does not infringe on Plaintiff's KRAVE Trademark in.

104.     The Massachusetts Complaint was filed by Defendants' Habib's, Mesak's, and Mohammed's company in Massachusetts, SAM'S a/k/a SIG DISTRO, against Plaintiff SOL NY immediately after SOL NY sent cease-and-desist letters to several Defendants in an effort to

stop sales of the infringing CRAVE branded products.

105.    The Massachusetts Complaint contained numerous false representations and omissions about the marks at issue and, notably, was filed by counsel for several of the defendants in this action, Donald J. MacDonald. Among other things, Attorney MacDonald falsely claimed that the CRAVE+ mark had priority over Plaintiff's incontestable '296 Registration from 2016.

106.    Tellingly, Attorney MacDonald never served the Complaint on Plaintiff.

107.    On May 16, 2024, the Massachusetts District Court issued an Order to Show Cause, *sua sponte*, to dismiss the Complaint.  SAM'S did not oppose the Order to Show Cause. As a result, on June 27, 2024, the action was dismissed.

108.    Despite notice of their infringement, Defendants have and continue to willfully and knowingly infringe on Plaintiff's KRAVE Trademark by continuing to sell glass tobacco water pipes, oral vaporizers and related products under the infringing CRAVE Brand.

### (ii)    The HABIB DEFENDANTS' Fraudulent Trademark Filings with the USPTO

#### A. The First Fraudulent USPTO Application

(iii)    The HABIB DEFENDANTS are engaged in a scheme to attempt knowingly, deliberately, and willfully to procure unenforceable trademark rights, both from state and federal agencies.

110.    The HABIB DEFENDANTS have relentlessly tried to fraudulently obtain the same or confusingly similar marks as Plaintiff's from the USPTO. Thus, their fraud is ongoing.

111.    With the assistance of counsel, on November 11, 2021, the HABIB Defendants caused an application for the infringing CRAVE+ mark to be registered by Defendant FEEL GOOD INDUSTRY, a New Hampshire company, on the Principal Register of the UPSTO in International Class 034 for Tobacco and tobacco substitutes; Electronic cigarettes for use as an

alternative to traditional cigarettes; Liquid nicotine solutions for use in electronic cigarettes. The application was assigned Serial No. 97119979 by the USPTO (the "'979 Application").

112.    The HABIB Defendants made a deliberate attempt to mislead the USPTO by concealing Plaintiff's existing "KRAVE" trademark in International Class 034 which is the same class of goods identified by the HABIB DEFENDANTS in the '979 Application. The HABIB Defendants did so despite their knowledge that Plaintiff had been selling glass tobacco water pipes, vaporizers and vaporizer batteries for years with the "KRAVE" trademark.

113.    The '979 Application stated that the "Owner of Mark" was Defendant FEEL GOOD INDUSTRY with the same physical address as listed with the New Hampshire Secretary of State: 341 South Broadway, Salem, NH 03079 and the same website address; https://cravedisposable.com. The application was filed by an attorney named Corin McGinn of McGinn Law PC. There was no website listed in the '979 Application.

114.    In the '979 Application, FEEL GOOD INDUSTRY claimed that its first use of the CRAVE+ mark was "at least as early as 06/01/2019, and is now in use in such commerce."

115.    Defendant FEEL GOOD INDUSTRY knowingly and deliberately made false and material misrepresentations of fact by concealing the fact that Plaintiff had been selling the same products with the "KRAVE" trademark since 2014.

116.    Defendant FEEL GOOD INDUISTRY submitted the following image to the USPTO with the '979 Application. This image shows disposable oral vaporizers for smoking with the infringing CRAVE+ mark:



117.     On August 23, 2022, the USPTO sent an Office Action Letter to Attorney McGinn refusing the '979 Application for registration of the CRAVE+ mark. The Office Action Letter was signed by USPTO Examiner Max Faucette.

118.     USPTO Examiner Faucette expressly cited and attached Plaintiff's '296 Registration in the August 23, 2022 Office Action Letter refusing registration of the infringing CRAVE+ mark in the '979 Application.

119.     The August 23, 2022 Office Action Letter states that SAM'S INTERNATIONAL application for the applied-for "CRAVE+" mark was refused because of a likelihood of confusion with Plaintiff's '296 Mark pursuant to Section 2(d) of the Lanham Act – Likelihood of Confusion Refusal."

120.     The August 23, 2022 Office Action Letter states that the applied for mark to be registered, CRAVE+, "create[s] the same commercial impression" as Plaintiff's '296 Registration for KRAVE. Therefore, the USPTO Examiner concluded that "the marks are considered similar for likelihood of confusion purposes" and refused to register the infringing CRAVE+ mark.

121. The August 23, 2022 Office Action Letter states further states that the CRAVE+ mark is barred by the Lanham Act because it is "so similar" to Plaintiff's '296 Registration for KRAVE "that it is likely that consumers would be confused, mistaken, or deceived as to the commercial source of the goods and/or services of the parties" pursuant to 15 U.S.C. §1052(d)."

122. The August 23, 2022 Office Action Letter states further states that confusion between CRAVE+ and Plaintiff's '296 Registration was likely because the goods at issue were "commercially related".

123. On March 7, 2023, the USPTO sent Defendant FEEL GOOD INDUSTRY and its attorney, Corin McGinn, a Notice of Abandonment of the '979 Application because it did not receive a response to the Office Action Letter finding, *inter alia*, likelihood of confusion with Plaintiff's '296 Registration for KRAVE in International Class 034.

124. The '979 Application is currently dead and listed on the USPTO's website as "refused, dismissed, or invalidated by [the USPTO] and this application is no longer active."

125. Approximately one year later, on November 20, 2022, the HABIB DEFENDANTS retained a different lawyer and attempted to register the same infringing "CRAVE+" mark again with the USPTO.

**B.   The HABIB DEFENDANTS' Second Fraudulent USPTO Application**

126. On November 20, 2022, the HABIB DEFNDANTS, with the assistance of their counsel, Donald J. MacDonald of the Coleman & MacDonald Law Office, deliberately attempted to mislead the USPTO by causing a TEAS Plus application to be filed by Defendant SAM'S INTERNATIONAL GROUP LLC on the Principal Register of the UPSTO in International Class 034 for an infringing mark that had already been rejected by the USPTO based upon Plaintiff's mark. The application was assigned Serial No. 97685259 by the USPTO

(the "'529 Application").

127. In an effort to fraudulently induce the USPTO into issuing intellectual property rights to which they have no right, the HABIB DEFENDANTS claimed in the '529 Application that the "Owner of Mark" was now a different company from the '979 Application, to wit: SAM'S INTERNATIONAL GROUP LLC.

128. In a further effort to defraud the USPTO, the HABIB DEFNDANTS claimed in the '529 Application that SAM'S INTERNATIONAL GROUP LLC was a New Hampshire company located at a different address in from FEEL GOOD INDUSTRY: 380 South Broadway, Salem, New Hampshire 03079. This representation was false and known to be false when made in the '529 Application. In fact, Defendant SAM'S INTERNATIONAL GROUP LLC is a Massachusetts company located at 470 Commonwealth Avenue, Boston, Massachusetts 01801-2057. Indeed, a telephone number with the Massachusetts area code of 617 was listed for SAM'S INTERNATIONAL, supposedly a New Hampshire company.

129. The HABIB DEFNDANTS submitted the exact same specimen on behalf of SAM'S INTERNATIONAL GROUP LLC that had previously been provided by FEEL GOOD INDUSTRY in the '979 Application showing disposable oral vaporizers for smoking with the infringing CRAVE+ mark.

130. On September 6, 2023, the USPTO issued an Office Action Letter addressed to SAM'S INTERNATIONAL GROUP LLC and its counsel, Donald J. MacDonald of the Coleman & MacDonald Law Office. The USPTO refused registration of the "CRAVE+" mark. The letter was signed by Examiner Lori Emilo on behalf of the USPTO.

131. The second Office Action Letter stated that SAM'S INTERNATIONAL GROUP LLC's application for the applied-for "CRAVE+" mark was refused because of a likelihood of

confusion with Plaintiff's '296 Registration pursuant to Section 2(d) of the Lanham Act – Likelihood of Confusion Refusal."

132.    The second Office Action Letter states that Plaintiff's '296 Registration and the Defendants' CRAVE+ mark "create the same commercial impression" and therefore "the marks are considered similar for likelihood of confusion purposes".

133.    Citing Plaintiff's '296 Registration, the second Office Action Letter states that the proposed CRAVE+ mark is barred by the Lanham Act because it is "so similar" to Plaintiff's '296 Registration for KRAVE "that it is likely that consumers would be confused, mistaken, or deceived as to the commercial source of the goods and/or services of the parties" pursuant to 15 U.S.C. §1052(d).

134.    The second Office Action Letter also states that confusion between Plaintiff's '296 Registration and the proposed CRAVE+ mark was likely because the goods at issue were "commercially related".

135.    The second Office Action Letter also states that Plaintiff's '296 Registration and Defendants' CRAVE+ mark were confusingly similar because "[t]he marks are essentially phonetic equivalents and thus sound similar."

136.    The second Office Action Letter also states that the addition of a "+" sign after the word CRAVE would be particularly confusing to consumers since they may "simply infer the plus sign indicates a new or better offering" from Plaintiff SOL NY.

137.    On December 21, 2023, the USPTO sent Defendant FEEL GOOD INDUSTRY and its attorney, Donald J. MacDonald, a Notice of Abandonment of Defendants' '529 Application.

138.    Defendants' '529 Application is currently dead and listed on the USPTO's

website as "refused, dismissed, or invalidated by [the USPTO] and this application is no longer active."

### C. Additional Fraudulent UPSTO Applications Filed by the HABIB Defendants

139. The HABIB Defendants, with the assistance of their attorneys, the Coleman & MacDonald Law Office, are also attempting to register the CRAVE Brand in connection with the sale of oral vaporizers for smoking purposes with the USPTO.

140. Defendant FEEL GOOD INDUSTRY filed five applications with the USPTO in an effort to procure the same and/or a confusingly similar mark to Plaintiff's KRAVE Trademark for oral vaporizers:

| Mark | Details | Goods/Services | Owner |
|------|---------|----------------|-------|
| **CRAVE+ AIR**<br>Jurisdiction: US<br>Serial: <u>97893605</u> | Filed: 04/18/2023 | **034** oral vaporizers for smokers. | Feel Good Industry LLC<br>341 South Broadway<br>Salem NEW HAMPSHIRE<br>03079 |
| **CRAVE AIR**<br>Jurisdiction: US<br>Serial: <u>97892154</u> | Filed: 04/17/2023 | **034** oral vaporizers made of glass for smoking purposes. | Feel Good Industry LLC<br>341 South Broadway<br>Salem NEW HAMPSHIRE<br>03079 |
| **CRAVE+ MAX GVR**<br>Jurisdiction: US<br>Serial: <u>97884199</u> | Filed: 04/12/2023 | **034** oral vaporizers for smoking purposes. | Feel Good Industry LLC<br>341 South Broadway<br>Salem NEW HAMPSHIRE<br>03079 |
| **CRAVE+ MAX**<br>Jurisdiction: US<br>Serial: <u>97884146</u> | Filed: 04/12/2023 | **034** oral vaporizers for smoking purposes. | Feel Good Industry LLC<br>341 South Broadway<br>Salem NEW HAMPSHIRE<br>03079 |

| CRAVE+ MAX<br>Jurisdiction: US<br>Serial: <u>97884787</u><br><br> | Filed: 04/12/2023 | **034** oral vaporizers for smoking purposes. | Feel Good Industry LLC<br>341 South Broadway<br>Salem NEW HAMPSHIRE<br>03079 |
|---|---|---|---|

141.     The USPTO has issued Office Action Letters for all five Applications.

142.     Another attorney, Mr. Corain McGinn of the firm McGinn Law PC, filed Responses to Non-Final Office Action Letters for each of the five infringing CRAVE marks identified in the chart in Paragraph 175. The Responses make the same invalid arguments that attorney MacDonald made on behalf of SAM'S a/k/a SIG DISTRO.

143.     Any rights that Defendants claim in the aforementioned applications should be declared invalid based upon Plaintiff's KRAVE Trademark.

### D.     The Invalid State Trademark Filings

144.     The HABIB DEFENDANTS have also fraudulently procured state trademark rights in New Hampshire and Massachusetts for the CRAVE Brand that they know are invalid based upon Plaintiff's KRAVE Trademark.  These state registrations should also be declared invalid.

### V.     THE DISTRIBUTION AND RETAIL DEFENDANTS

### (i)     Defendant APVAPESHOP

145.     Defendant APVAPESHOP is a domestic corporation formed in New York State with an address of 1271 East 73rd Street, 1st Fl., Brooklyn, New York 11234.

146.    Upon information and belief, the President and/or Owner of Defendant APVAPESHOP INC. is Jacov Ben-Hamou.

147.    Defendant APVAPESHOP is engaged in the wholesale and retail sale of smoke shop products including the infringing CRAVE Brand product.

148.    The HABIB DEFENDANTS ship infringing products to APVAPESHOP in Brooklyn, New York and APVAPESHOP sells those infringing CRAVE products to other wholesale companies, as well as retail stores and customers in New York and throughout the United States.

149.    Defendant AVAPESHOP owns and operates a website with the address https://apvapeshop.com (the "APVAPESHOP Website"). On the APVAPESHOP website, Defendant APVAPESHOP advertises that it is "America's leading online vape shop".

150.    As indicated by the APVAPESHOP Website, APVAPESHOP accepts orders from customers in New York and throughout the United States.

151.    The infringing CRAVE Brand products are produced by Defendants SAMUEL A. HABIB, PETER A. MESAK, and EDGAR A. MOHAMMED and/or the HABIB COMPANIES in Massachusetts and supplied to Defendant AVAPESHOP in New York.

152.    Plaintiff has lost a significant number of sales to Defendant AVAPESHOP.

**(ii)    Defendant BHAGAT DISTRIBUTORS INC. d/b/a "GOTHAM DISTRIBUTORS"**

153.    Defendant BHAGAT DISTRIBUTORS INC. d/b/a "GOTHAM DISTRIBUTORS" ("BHAGAT d/b/a GOTHAM DISTRIBUTORS") is a corporation formed in Massachusetts on November 15, 2022.

154.    Defendant BHAGAT d/b/a GOTHAM DISTRIBUTORS' principal place of business is located at 300 Emory Road, Mineola, New York 11501.

155. Defendant BHAGAT d/b/a GOTHAM DISTRIBUTORS maintains offices and a warehouse at its location in Melville, New York. Indeed, it is only a few miles down the road from Plaintiff's warehouse. Signage outside of the warehouse in Melville, New York confirms that BHAGAT does business as "Gotham Distributors" at that location "from Monday to Saturday".

156. The owners of BHAGAT d/b/a GOTHAM DISTRIBUTORS all reside in the Eastern District of New York. They are: (i) Divyank Patel, residing in Mineola, New York and who is identified in state filings as the President, Vice President, Treasurer, Secretary, Assistant Secretary and Director; (ii) Dharmesh Patel, Treasurer, residing in Hicksville, New York; and (iii) Guarav Oberoi, residing in Farmingdale, New York.

157. The HABIB DEFENDANTS ship infringing products to BHAGAT's warehouse in Melville, NY and BHAGAT d/b/a GOTHAM DISTRIBUTORS sells those infringing CRAVE products to other wholesale companies as well as retail stores and customers in New York and across the country. Mr. Oberoi was served with a Subpoena *Duces Tecum Ad Tesificandum* by Plaintiff on December 2, 2024. He did not appear for the noticed deposition and did not produce any documents.

158. Defendant BHAGAT owns and operates a website under its assumed name of "Gotham Distributors" called https://gothamdistro.com (the "Gotham Distributors Website"). Defendant BHAGAT advertises and sells all types of infringing CRAVE products manufactured by the HABIB DEFENDANTS on the Gotham Distributors Website.

159. DEFENDANT BHAGAT d/b/a GOTHAM DISTRIBUTORS also has an interactive website that allows buyers to submit orders online via a registration form. The registration form on GOTHAM DISTRIBUTORS' website requires that wholesale buyers provide their state tax identification numbers as well as their state tobacco license numbers.

160. On its website, DEFENDANT BHAGAT d/b/a GOTHAM DISTRIBUTORS advertises that it is a distributor of the infringing "CRAVE" products. DEFENDANT BHAGAT sells and distributes a variety of products that infringe upon Plaintiff's KRAVE Trademark in the smoke shop industry with the infringing CRAVE and CRAVE+ logos, and/or variations thereof. These products include, but not limited to, CRAVE E-Liquid and CRAVE+ oral vaporizers.

161. The Gotham Distributors Website is an interactive website that allows buyers to submit orders online via a registration form. Specifically, the https://gothamdistro.com website displays the infringing CRAVE products for sale. A purchaser can click on a button under the image of the infringing product that says "Login to buy". The purchaser is then required to "Register Now" with GOTHAM DISTRIBUTORS. In order to register with BHAGAT to become eligible to purchase the infringing CRAVE products from the Gotham Distributors Website, the purchaser must provide its name, address, website or store address, state specific tax identification number, and state specific tobacco license. Once the purchaser has registered with BHAGAT, it can order the infringing products and have them shipped to locations in New York and all over the county. There is no indication on the Gotham Distributors Website that sales of the infringing products are limited to purchasers by State.

162. The following image shows the infringing products sold by BHAGAT on the Gotham Distributors Website:



163. The products sold by Defendant GOTHAM DISTRIBUTORS LLC with the CRAVE and CRAVE+, and other variations thereof, infringe upon Plaintiff's KRAVE trademark.

164. The three owners of BHAGAT d/b/a GOTHAM DISTRIBUTORS had knowledge as far back as September 2014 of Plaintiff's use of the KRAVE Trademark in connection with vaporizers and other smoke shop industry products. These individuals have communicated with Mr. Yadav and at least one of them purchased nearly $30,000 of products sold by Plaintiff on behalf of BHAGAT d/b/a GOTHAM DISTRIBUTORS from BHAGAT's location at 1227 Walt Whitman Road in Melville, New York.

165. Upon information and belief, Defendant BHAGAT generated profits from $40-60 million in the years 2021, 2022, 2023.

166. A significant percentage of Defendant BHAGAT's profits of $40-60 million in the years 2021, 2022, 2023 is the result of the sale of infringing products to wholesale and retail customers in New York.

167. Plaintiff has lost a significant number of sales to Defendant BHAGAT which sells infringing products from just down the road from Plaintiff's offices and warehouse in the Eastern

District of New York.

**(iii) Defendant MAHANT KRUPA 56 LLC d/b/a "EMPIRE SMOKE DISTRIBUTORS"**

168.    Defendant MAHANT KRUPA 56 LLC, doing business as "EMPIRE SMOKE DISTRIBUTORS" ("MAHANT KRUPA d/b/a EMPIRE SMOKE"), is a business engaged in the wholesale distribution of smoke shop products.

169.    Defendant MAHANT KRUPA d/b/a EMPIRE SMOKE is a domestic limited liability company formed in New York.

170.    MAHANT KRUPA d/b/a EMPIRE SMOKE's principal place of business is located at 56-01 Maspeth Avenue, Maspeth, New York 11378.

171.    The HABIB Defendants manufacture and sell infringing CRAVE Brand products to MAHANT KRUPA in Maspeth, Queens.

172.    Defendant MAHANT KRUPA sells infringing CRAVE products from its location in Maspeth, Queens to other wholesale companies as well as retail stores and customers in New York and across the country.

173.    Defendant MAHANT KRUPA owns and operates a website under its assumed name of "Empire Smoke Distributors" with the address https://empiresmokedist.com (the "Empire Smoke Distributors Website").

174.    Defendant MAHANT KRUPA advertises and sells all types of infringing CRAVE products manufactured by the HABIB DEFENDANTS on the Empire Smoke Distributors Website.

175.    The following image is an example of infringing CRAVE Brand products sold by MAHANT KRUPA on the Empire Distributors Website:

WARNING: This product contains nicotine. Nicotine is an addictive chemical.



176.     Defendant MAHANT KRUPA LLC d/b/a EMPIRE VAPE DISTRIBUTORS has been sued by the city of New York for racketeering and other wrongful conduct in New York. It appeared by counsel and is presently defending itself in that action which is pending in the Southern District of New York.

177.     Plaintiff has lost a significant number of sales to Defendant BHAGAT which sells infringing products from just down the road from Plaintiff's offices and warehouse in the Eastern District of New York.

**(iv)     Defendant BOSTON WHOLESALE OUTLET**

178.     Defendant BOSTON WHOLESALE OUTLET is a Massachusetts corporation with its principal place of business located at 156 Williams Street, Chelsea, Massachusetts 02150.

179.     Defendant BOSTON WHOLESALE OUTLET is a wholesale and/or retail company that sells and distributes a variety of products that infringe upon Plaintiff's KRAVE Trademark in the smoke shop industry.

180.     Defendant BOSTON WHOLESALE OUTLET was incorporated on May 17, 2016.

181. The President, Treasurer, Secretary and Director of BOSTON WHOLESALE OUTLET is identified in corporate filings with the Massachusetts Secretary of State as Mohmednadim Panwala.

182. Defendant BOSTON WHOLESALE OUTLET maintains a website at https://bostonwholesaleoutlet.com. CRAVE + DISPOSABLE is one of the "Featured Brands" on the website and popular products include various "CRAVE MAX" oral vaporizers.

183. The following images show that CRAVE is a "Featured Brand" on the website and the infringing products sold by BOSTON WHOLESALE OUTLET:





184.    Defendant BOSTON WHOLESALE OUTLET's website is an interactive website that allows buyers to submit orders online via a registration form. Specifically, the https://bostonwholesaleoutlet.com website displays the infringing CRAVE products for sale. A purchaser can click on a button under the image of the infringing product that says "Please Login/Register View Prices". The purchaser is then required to "Login" or "Register" with BOSTON WHOLESALE OUTLET. Purchasers are then "approved" by BOSTON WHOLESALE OUTLET. There is no indication on the https://bostonwholesaleoutlet.com website that sales of the infringing products are limited to purchasers by State.

185.    The CRAVE MAX disposable oral vaporizers are advertised as "Popular Products" sold by Defendant BOSTON WHOLESALE OUTLET INC.

186.    Defendant BOSTON WHOLESALE OUTLET INC. also sells glass pipes with the Infringing CRAVE Marks such as the "CRAVE Straight Tube with Carving" and the "CRAVE Beaker".

187.    Defendant BOSTON WHOLESALE OUTLET INC. advertises the infringing

CRAVE+ Disposable as a "Featured Brand" on its website.

188.    The products sold by Defendant BOSTON WHOLESALE OUTLET INC. with the CRAVE and CRAVE+, and other variations thereof, infringe upon Plaintiff's KRAVE Trademark.

189.    The infringing sold by BOSTON WHOLESALE OUTLET are supplied by Defendants SAMUEL A. HABIB, PETER A. MESAK, and EDGAR A. MOHAMMED and/or the HABIB COMPANIES.

190.    Plaintiff has lost a significant number of sales to Defendant BOSTON WHOLESALE OUTLET.

**(v)    Defendant KUMAR INC. d/b/a "RAVI'S WHOLESALE MARKET"**

191.    Defendant KUMAR INC. d/b/a "RAVI'S WHOLESALE MARKET" is a New Hampshire corporation with a principal place of business as 17 Marshall Way, Seabrook, New Hampshire 03874.

192.    Defendant KUMAR INC. d/b/a "RAVI'S WHOLESALE MARKET" is a wholesale and/or retail company that sells and distributes a variety of products that infringe upon Plaintiff's KRAVE Trademark in the smoke shop industry.

193.    Upon information and belief, the owner of KUMAR INC. d/b/a "RAVI'S WHOLESALE MARKET" is Kumar Ravinder.

194.    Defendant KUMAR INC. d/b/a "RAVI'S WHOLESALE MARKET" maintains a website at https://raviswholesalemarket.com and sells various "CRAVE MAX" oral vaporizers and other infringing products in the smoke shop industry are sold to purchasers online.

195.    The following image is of a post made on the Facebook page maintained by RAVI'S WHOLESALE MARKET stating that the infringing CRAVE  Brand products were

"Coming Soon":



196.    Products with the infringing CRAVE Brand are currently sold by Defendant RAVI'S WHOLESALE MARKET and displayed on its website. These products include, but are not limited to, disposable oral vaporizers.

197.    The products sold by Defendant RAVI'S WHOLESALE MARKET with the CRAVE and CRAVE+, and other variations thereof, infringe upon Plaintiff's KRAVE Trademark.

198.    The infringing products sold by RAVI'S WHOLESALE MARKET are supplied by Defendants SAMUEL A. HABIB, PETER A. MESAK, and EDGAR A. MOHAMMED and/or the HABIB COMPANIES.

199.    Plaintiff has lost a significant number of sales to Defendant RAVI'S WHOLESALE MARKET.

**(vi)    Defendant KESHAV DISTRIBUTOR LLC d/b/a "NEW ENGLAND SMOKE DISTRIBUTION"**

200.    Defendant KESHAV DISTRIBUTOR d/b/a "NEW ENGLAND SMOKE DISTRIBUTION" is a New Hampshire company with its principal place of business located at

460 Amherst Street, Nashua, New Hampshire 11707.

201. Upon information and belief, the President and Owner of Defendant KESHAV DISTRIBUTOR d/b/a "NEW ENGLAND SMOKE DISTRIBUTION" is Mehul Patel.

202. Defendant KESHAV DISTRIBUTOR d/b/a "NEW ENGLAND SMOKE DISTRIBUTION" is a wholesale and/or retail company that sells and distributes a variety of products that infringe upon Plaintiff's KRAVE Trademark in the smoke shop industry.

203. Defendant KESHAV DISTRIBUTOR d/b/a "NEW ENGLAND SMOKE DISTRIBUTION" directs sales to New York, Connecticut and New Jersey. Indeed, it shares common buyers in New York with Plaintiff.

204. The infringing products sold by KESHAV DISTRIBUTOR d/b/a "NEW ENGLAND SMOKE DISTRIBUTION" are supplied by Defendants SAMUEL A. HABIB, PETER A. MESAK, and EDGAR A. MOHAMMED and/or the HABIB COMPANIES.

205. Plaintiff has lost a significant number of sales to Defendant KESHAV DISTRIBUTOR d/b/a "NEW ENGLAND SMOKE DISTRIBUTION".

**(vii)** **Defendant CIRCLE FIVE DISTRIBUTORS INC.**

206. Defendant CIRCLE FIVE DISTRIBUTORS INC. is a New Hampshire company with its principal place of business located at 220 Innovative Way, Bldg. 1, Suite A, Nashua, New Hampshire 03063.

207. Defendant CIRCLE FIVE DISTRIBUTORS INC. is registered with the New Hampshire Secretary of State as a company engaged in "Wholesale Trade" as well as "Other Miscellaneous, Durable Goods, Merchant Wholesalers."

208. The President of Defendant CIRCLE FIVE DISTRIBUTORS INC. is Hitendra Patel.

209.    The Vice President of Defendant CIRCLE FIVE DISTRIBUTORS INC. is Sunny Patel.

210.    Defendant CIRCLE FIVE DISTRIBUTORS INC. is a wholesale and/or retail company that sells and distributes a variety of products that infringe upon Plaintiff's KRAVE Trademark in the smoke shop industry.

211.    The following image from its website shows products with the infringing CRAVE Brand sold by Defendant CIRCLE FIVE DISTRIBUTORS:



212.    The infringing products sold by CIRCLE FIVE DISTRIBUTORS INC. are supplied by Defendants SAMUEL A. HABIB, PETER A. MESAK, and EDGAR A. MOHAMMED and/or the HABIB COMPANIES.

213.    Plaintiff has lost a significant number of sales to Defendant CIRCLE FIVE DISTRIBUTORS INC.

**(viii) Defendant SMOKER CHOICE DISTRIBUTORS, INC.**

214.    Defendant SMOKER CHOICE DISTRIBUTORS, INC. ("SMOKER'S CHOICE") is a New Hampshire company with its principal place of business located at 356 S. Broadway #1, Salem, New Hampshire 03079.

215.     Defendant SMOKER CHOICE is a wholesale and/or retail company that sells and distributes a variety of products that infringe upon Plaintiff's KRAVE Trademark in the smoke shop industry.

216.     According to business records on file with the New Hampshire Secretary of State, Defendant SMOKER CHOICE is a "Smoke shop Distributor". The Manager and, upon information and belief, owner of Defendant SMOKER CHOICE is Jawed Shaikh.

217.     The following image is of a post made on the Facebook page maintained by Defendant SMOKER CHOICE DISTRIBUTOR LLC advertising the infringing CRAVE Brand products for sale:



218.     The infringing products sold by Defendant SMOKER CHOICE are supplied by Defendants SAMUEL A. HABIB, PETER A. MESAK, and EDGAR A. MOHAMMED and/or the HABIB COMPANIES.

219.     Plaintiff has lost a significant number of sales to Defendant SMOKER CHOICE.

**(ix) Defendant SMOKERS LANE OF NH, INC.**

220.     SMOKERS LANE OF NH, INC. d/b/a "SMOKERS LANE" ("SMOKERS LANE") is a New Hampshire corporation with its principal place of business located at 492 S. Broadway, Salem, New Hampshire 03079.

221.     Defendant SMOKERS LANE is a wholesale and/or retail company that sells and distributes a variety of products that infringe upon Plaintiff's KRAVE Trademark in the smoke shop industry.

222.     The Director and President of Defendant SMOKERS LANE is Zafar Chaudhary.

223.     The following images are of posts made on the Facebook page maintained by SMOKER'S LANE and demonstrate that it advertises and sells the infringing products:



224.     The infringing products sold by Defendant SMOKER CHOICE are supplied by

Defendants SAMUEL A. HABIB, PETER A. MESAK, and EDGAR A. MOHAMMED and/or the HABIB COMPANIES.

225.    Plaintiff has lost a significant number of sales to Defendant SMOKER CHOICE.

**(ix)    Defendant VISION CIGAR & CIGARETTE WHOLESALE LLC**

226.    Defendant VISION CIGAR & CIGARETTE WHOLESALE LLC "("VISION WHOLESALE") is a limited liability Massachusetts company with its principal place of business located at 8 Willow Street, Unit 2, Salem, New Hampshire 03079.

227.    Defendant VISION WHOLESALE is a wholesale and/or retail company that sells and distributes a variety of products that infringe upon Plaintiff's KRAVE Trademark in the smoke shop industry.

228.    The infringing products sold by Defendant VISION WHOLESALE are supplied by Defendants SAMUEL A. HABIB, PETER A. MESAK, and EDGAR A. MOHAMMED and/or the HABIB COMPANIES.

229.    The following image from Defendant VISION CIGAR's website, https://visioncigars.com, shows infringing CRAVE oral vaporizers sold by VISION CIGAR:



230.     Plaintiff has lost a significant number of sales to Defendant VISION WHOLESALE.

**(x)**     **Defendant PRICE POINT DISTRIBUTORS, INC.**

231.     Defendant PRICE POINT DISTRIBUTORS, INC. ("PRICE POINT DISTRIBUTORS") is a domestic corporation formed in New York State with its principal place of business located at 500 Smith Street, Farmingdale, New York 11735.

232.     Defendant PRICE POINT DISTRIBUTORS is a wholesale and/or retail company that sells and distributes a variety of products that infringe upon Plaintiff's KRAVE Trademark in the smoke shop industry.  Plaintiff provided images of the infringing product to PRICE POINT DISTRIBUTORS in the cease-and-desist letter Plaintiff sent to it on December 5, 2023.

233.     The infringing products sold by Defendant PRICE POINT DISTRIBUTORS are supplied by Defendants SAMUEL A. HABIB, PETER A. MESAK, and EDGAR A. MOHAMMED and/or the HABIB COMPANIES.

234.     Plaintiff has lost a significant number of sales to Defendant PRICE POINT DISTRIBUTORS.

## FIRST CAUSE OF ACTION

### TRADEMARK INFRINGEMENT UNDER SECTION 32(1)(a) OF THE LANHAM ACT, 15 U.S.C. § 1114(a)

#### (Against All Defendants)

235.     Plaintiff repeats and realleges the allegations of Paragraphs 1- 234 of the Complaint as if fully set forth herein.

236.     Section 43(a) of the Lanham Act prohibits any person from using in commerce,

in connection with any goods, "any word, term, name, symbol, or device, or any combination thereof ... which ... is likely to cause confusion, or to cause mistake, or to deceive ... as to the origin, sponsorship, or approval of his or her goods ... by another person." 15 U.S.C. § 1125(a)(1).

237.     The acts of Defendants described above constitute trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

238.     Plaintiff is the owner of valid and protectable rights in the KRAVE Trademark.

239.     Plaintiff is the owner of the '296 Registration with the USPTO for glass tobacco water pipes. Plaintiff's registered KRAVE mark is incontestable pursuant to 15 U.S.C. § 1065.

240.     Plaintiff has the exclusive right to use the KRAVE mark awarded by the USPTO in the '296 Registration in commerce. Defendants are estopped from challenging the '296 Registration.

241.     Additionally, on March 8, 2024, NY SOL filed the '458 Application with the USPTO to register KRAVE to be used in connection with oral vaporizers for smokers and oral vaporizers for smoking purposes. Plaintiff's application was assigned Serial No. 98440458 by the USPTO.

242.     Plaintiff also has common law rights to the KRAVE Trademark in connection glass water pipes, oral vaporizers, grinders, accessories, vaporizer cartridges, vaporizer batteries, electronic cigarettes, vaporizer juices, vaporizer devices, storage, glass hand pipes, water pipes, recyclers, one hitters, bubblers, and steam rollers.

243.     The strength of Plaintiff's KRAVE Trademark is indisputable. The KRAVE Mark is distinctive and identifies Plaintiff as the source of the KRAVE Products. Plaintiff's KRAVE Trademark has distinctiveness and has a secondary meaning in the marketplace.

244.     Since June 30, 2010 through to the present, or for nearly fifteen (15) years, Plaintiff has continuously used the name KRAVE in connection with the sale of glass tobacco water pipes, oral vaporizers and smoking products and paraphernalia with the KRAVE Trademark. Plaintiff's products are sold nationwide in every state.

245.     Plaintiff sells its branded KRAVE Products to approximately sixty to seventy (60-70) wholesalers and more than two thousand (2000) retailers. Customers are motivated to chose Plaintiff's products over a competitor's based on the KRAVE brand. To date, Plaintiff has sold no less than eight (8) million products with the KRAVE Trademark.

246.     Since at least June 1, 2019, the Defendants began manufacturing, advertising, distributing and selling products with the infringing the CRAVE Brand.

247.     The Defendants unauthorized use and promotion of the "CRAVE Brand or colorable imitations thereof, in connection with offering and selling goods that are identical or nearly identical to the goods sold by Plaintiff under the KRAVE Trademark has caused, and is likely to continue to cause, confusion, mistake, and deception on the part of consumers as to the source, nature and quality of the goods Defendants are offering, constituting trademark infringement in violation of 15 U.S.C. § 1114.

248.     As set forth herein, the USPTO has already considered two applications by the HABIB DEFENDANTS for the "CRAVE" and "CRAVE+" marks and rejected them based on, *inter alia* the likelihood of confusion with Plaintiff's '296 Registration.

249.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the KRAVE trademark.

250.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' acts and, unless

Defendants are enjoined by the Court, Defendant will continue to cause irreparable harm and further damage to Plaintiff, and to its business, reputation, and goodwill, and will continue to confuse the public. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

251.    Upon information and belief, Defendants have knowingly and willfully infringed Plaintiff's rights in the KRAVE Trademark, causing Plaintiff to suffer monetary damages in an amount to be determined at trial.

252.    Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' infringing conduct and all other remedies available by law.

253.    Plaintiff is also entitled to punitive damages based upon Defendants' knowing, intentional, willful and ongoing infringement of Plaintiff's KRAVE Trademark in the form of an award of treble damages, attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125
### (Against the HABIB DEFENDANTS)

254.    Plaintiff repeats and realleges the allegations of Paragraphs 1 – 253 of the Complaint as if fully set forth herein.

255.    Plaintiff has continuously used the name KRAVE in connection with the sale of tobacco water pipes, oral smoking vaporizers and other related smoking paraphernalia since June 30, 2010.

256.    The KRAVE Trademark has gained widespread public recognition, and the products offered under the mark are immediately identified with Plaintiff.

257.    Plaintiff's KRAVE Trademark is used in connection with the sale of tobacco

water pipes, oral smoking vaporizers and other related smoking paraphernalia such that it has become synonymous with Plaintiff and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(2)(A).

258.    Plaintiff's '296 Registration for glass tobacco water pipes is incontestable pursuant to 15 U.S.C. § 1065. Plaintiff also has a pending application to use the KRAVE Trademark in connection with the sale of oral vaporizers for smoking.

259.    The KRAVE Trademark has gained widespread public recognition, and the products offered under the mark are immediately identified with Plaintiff.

260.    Over the past fourteen years, Plaintiff NY SOL's KRAVE Trademark has become famous with consumers of glass tobacco pipes and oral vaporizers for smoking. Plaintiff has invested in substantial advertising. Also, Plaintiff has achieved such notoriety that it has received unsolicited praise in trade publications.

261.    Plaintiff SOL NY's KRAVE Products are sold throughout the United States. SOL NY sells its branded products to approximately sixty to seventy (60-70) wholesalers and more than two thousand (2000) retailers throughout the United States. To date, Plaintiff has sold more than eight (8) million products with the KRAVE Trademark. As a result, Plaintiff is one of the most well-known sellers of these kind of products for over a decade. The KRAVE Trademark has earned notoriety with consumers and is known for its unique, reliable, well-made and popular products.

262.    Plaintiff NY SOL's KRAVE Trademark had become distinctive and famous prior to Defendants' first use of the confusingly CRAVE Brand in approximately 2019.

263.    The HABIB DEFENDANTS' use in commerce of the confusingly similar CRAVE Brand to Plaintiff's KRAVE Trademark, as alleged herein, dilutes, is likely to dilute,

and will, unless enjoined, continue to dilute the distinctive quality of Plaintiff's KRAVE Trademark, and lessen the capacity of the mark to identify Plaintiff's products.

264.     As a result of the HABIB DEFENDANTS' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged. Plaintiff has lost millions of dollars in sales. Additionally, its brand has depreciated in value due to customer confusion with the inferior CRAVE Brand products.

265.     Unless the HABIB DEFENDANTS are enjoined by this Court, Plaintiff will suffer further harm to its business, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

266.     Defendants' use in commerce of the confusingly similar CRAVE Brand has caused Plaintiff to suffer monetary damages in an amount to be determined at trial.

267.     Plaintiff is also entitled to punitive damages in the form of an award of treble damages, attorneys' fees and costs.

## THIRD CAUSE OF ACTION

## UNJUST ENRICHMENT

## (Against All Defendants)

268.     Plaintiff repeats and realleges the allegations of Paragraphs 1 - 267 of the Complaint as if fully set forth herein.

269.     Defendants have been unjustly enriched by their misuse and sale of products with the infringing CRAVE Brand.

270.     Accordingly, Plaintiff is entitled to monetary damages in an amount to be determined at trial.

271.    Plaintiff is also entitled to punitive damages in the form of an award of treble damages, attorneys' fees and costs.


## FOURTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES UNDER NEW YORK G.B.L. § 349
### (Against All Defendants)

272.    Plaintiff repeats and realleges the allegations of Paragraphs 1 – 271 of the Complaint as if fully set forth herein.

273.    Section 349 of the New York General Business Laws provides a cause of action based upon defendants' deceptive acts or practices in the conduct of any business, trade, or commerce.

274.    The acts of Defendants described herein constitute unfair business practices in violation of N.Y.G.B.L. § 349.

275.    As described above, the Defendants' deceptive acts were materially misleading.

276.    The Defendants' deceptive acts as set forth herein were directed at consumers of smoke shop products. Defendants knowingly and intentionally caused and continue to cause rampant customer confusion by selling inferior products with the infringing CRAVE Brand, copycat products that were designed by Plaintiff with the CRAVE Brand, and selling to distributors and retailers that carry Plaintiff's Products. This constitutes harm to the public at large.

277.    As a result of Defendants' unfair business practices in violation of N.Y.G.B.L. § 349, Plaintiff has incurred substantial damages. Plaintiff has lost millions of dollars in sales. Additionally, its brand has depreciated in value due to customer confusion with the inferior

CRAVE Brand products.

278. Accordingly, Plaintiff is entitled to monetary damages in an amount to be determined at trial.

279. Plaintiff is also entitled to punitive damages in the form of an award of treble damages, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### CANCELLATION OF THE HABIB DEFENDANTS' INFRINGING MARKS
### (Against the HABIB Defendants)

280. Plaintiff repeats and realleges the allegations contained in Paragraph 1 – 279 of the Complaint as if fully set forth herein.

281. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, the district court may order the cancellation of a trademark registration in any action involving the registered mark.

282. Defendants' advertising and sale of products with the infringing CRAVE Brand and products give the false and misleading impression that the goods and services offered or sold by Defendants and Plaintiff originate with or under the control of a single source, or are endorsed by a single source, or that Defendant is in some way associated with, connected, or related to Plaintiff.

283. As a direct and proximate result of Defendant's continued registration of CRAVE, Plaintiff is now and will continue to be irreparably harmed by the marks' false connection to Plaintiff's KRAVE Mark.

284. Accordingly, the Court should issue a Declaratory Judgment to cancel Defendants' applications to the USPTO for infringing CRAVE marks and declare any mark that may issue as invalid.

285. The applications at issue are: (i) the '529 Application filed by Defendant SAM'S INTERNATIONAL GROUP LLC; (ii) the '979 Application filed by Defendant FEEL GOOD INDUSTRY; (iii) Application with USPTO Serial No.: 97893605 filed by Defendant FEEL GOOD INDUSTRY; (iv) Application with USPTO Serial No.: 97892154 filed by Defendant FEEL GOOD INDUSTRY; (v) Application with USPTO Serial No.: 97884199 filed by Defendant FEEL GOOD INDUSTRY; (vi) Application with USPTO Serial No.: 97884146 filed by Defendant FEEL GOOD INDUSTRY; and (vii) Application with USPTO Serial No.: 97884787 filed by Defendant FEEL GOOD INDUSTRY. Defendants' fraudulently procured state trademarks should be declared invalid as well.

286. Unless these applications and/or registrations are canceled by order of the pursuant to Court15 U.S.C. § 1119, Plaintiff will suffer further harm to its reputation and goodwill, for which there is no adequate remedy under the law.

### SIXTH CAUSE OF ACTION

**FRAUD IN ATTEMPTING TO PROCURE AND PROCURING TRADEMARK RIGHTS**
**(Against the HABIB Defendants)**

287. Plaintiff repeats and realleges the allegations contained in Paragraph 1 – 286 of the Complaint as if fully set forth herein.

288. The HABIB Defendants, with the assistance of Attorneys Donald MacDonald and Corain McGinn, attempted to procure and have procured invalid intellectual property rights by fraud. Their fraudulent acts were part of their scheme to steal customers from Plaintiff, fraudulently procure intellectual property rights to which they are not entitled for this purpose, and benefit from the notoriety and good will associated the KRAVE Trademark that Plaintiff has been using in commerce to sell smoke shop products since 2010.

289. Counsel for the HABIB Defendants knowingly, purposely and deliberately made the above referenced false and material representations and omissions to the USPTO in the aforementioned applications for CRAVE Brand trademarks in order to fraudulently procure intellectual property rights that the HABIB Defendants and their counsel knew they were not entitled to due to Plaintiff's pre-existing KRAVE Trademark.

290. As a result of their fraud, the HABIB Defendants, with the assistance of their counsel, have procured numerous CRAVE trademarks from the USPTO by fraud which are depicted in the chart above.

291. At the time counsel for the HABIB Defendants filed the applications with the USPTO they knew or should have known that the HABIB Defendants had no right to the CRAVE mark, or any variation thereof, based upon Plaintiff's incontestable KRAVE Trademark.

292. Counsel for the HABIB Defendants knowingly, purposely and deliberately made false and material representations and omissions in the aforementioned applications for State trademark rights that the HABIB Defendants and their counsel knew they were not entitled to due to Plaintiff's pre-exisiting KRAVE Trademark.

293. As a result of their fraud, the HABIB Defendants, with the assistance of their counsel, have procured the state trademarks identified above from state governments under false pretenses.

294. Counsel for the HABIB Defendants also knowingly, purposely and deliberately made false and material representations and omissions in the aforementioned Massachusetts Federal Complaint. Specifically, they filed a Complaint in which they falsely claimed to have intellectual property rights that they knew they were not entitled to due to Plaintiff's pre-existing KRAVE Trademark.

295.    Plaintiff has been damaged as a result of the HABIB Defendants and their counsel's fraud.

296.    Accordingly, Plaintiff is entitled to monetary damages in an amount to be determined at trial.

297.    Plaintiff is also entitled to punitive damages in the form of an award of treble damages, attorneys' fees and costs.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff hereby demands a judgment granting its claims for:

(i)     trademark infringement under Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(a);

(ii)    unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125;

(iii)   unjust enrichment;

(iv)    unfair business practices under N.Y.G.B.L. § 349;

(v)     cancellations of infringing trademarks;

(vi)    fraud in procuring trademark rights;

(vii)   an accounting and disgorgement of Defendants' ill-gotten gains and profits;

(viii)  an award of damages;

(ix)    punitive damages, plus attorneys' fees and costs; and

(x)     such other and further relief that the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:    New York, New York
           June 11, 2025

**LEECH TISHMAN
ROBINSON BROG PLLC.**

By:    _____

Laura-Michelle Horgan, Esq.
Douglas H. Morseburg, Esq.

One Dag Hammarskjöld Plaza
885 Second Avenue, 3rd Floor
New York, NY 10017
Emails: lmhorgan@leechtishman.com
          dmorseburg@leechtishman.com

*Attorneys for Plaintiff*

*SOL NY CORP. d/b/a "SOL TRADING
CORPORATION"*